MORGAN, LEWIS & BOCKIUS LLP
CECILY A. WATERMAN, State Bar No. 063502
ANN MARIE REDING, State Bar No. 226864
One Market, Spear Street Tower
San Francisco, CA 94105-1126
Telephone: 415.442.1000
Facsimile: 415.442.1001

Attorneys for Defendant
BOSTON SCIENTIFIC CORPORATION and
GUIDANT SALES CORPORATION

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BLAIR KILAND and ST. JUDE MEDICAL S.C., INC.,<br><br>Plaintiff,<br><br>vs.<br><br>BOSTON SCIENTIFIC CORPORATION and GUIDANT SALES CORPORATION and DOES 1 through 50 INCLUSIVE,<br><br>Defendants. | Case No. CV 10-4105 SBA<br><br>**DEFENDANTS BOSTON SCIENTIFIC CORPORATION AND GUIDANT SALES CORPORATION'S NOTICE OF MOTION; MOTION TO DISMISS PLAINTIFFS' ACTION FOR IMPROPER VENUE; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date: January 11, 2011<br>Time: 1:00 p.m.<br>Ctrm: 1, 4th Floor<br>Judge: Hon. Saundra Brown Armstrong |

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/22004677.1　　　　　　　　　　　　　　　　　　　　　　　　　　　　CASE NO. CV 10 4105 SBA
DEFENDANTS BOSTON SCIENTIFIC CORPORATION AND GUIDANT SALES CORPORATION'S NOTICE OF MOTION; MOTION TO DISMISS PLAINTIFFS' ACTION; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

# NOTICE OF MOTION AND MOTION

**TO PLAINTIFFS BLAIR KILAND AND ST. JUDE MEDICAL, S.C., INC. AND THEIR ATTORNEYS OF RECORD: NOTICE IS HEREBY GIVEN THAT** on January 11, 2011, at 1:00 p.m., or as soon thereafter as counsel may be heard in Courtroom 1 of the United States District Court for the Northern District of California, Oakland Division, located at 1301 Clays Street, 4th Floor, Oakland, California 94612, Defendants Boston Scientific Corporation and Guidant Sales Corporation ("Defendants") will and hereby do move this Court pursuant to Federal Rule of Civil Procedure ("F.R.C.P.") 12(b)(3) for a Motion to Dismiss, on the following grounds: there is a mandatory and enforceable forum-selection clause in Plaintiff Blair Kiland's employment agreement that requires the claims alleged in Plaintiffs' Complaint to be litigated in Minnesota.

This Motion is based upon this Notice of Motion and Motion, the Memorandum of Points and Authorities, the Request for Judicial Notice, and the Declaration of Ann Marie Reding filed herewith, the pleadings and papers on file herein, and upon such other matters as may be presented to the Court at the time of the hearing.

Dated: October 22, 2010             MORGAN, LEWIS & BOCKIUS LLP

By _____
Cecily A. Waterman
Ann Marie Reding
Attorneys for Defendant
BOSTON SCIENTIFIC CORPORATION
and GUIDANT SALES CORPORATION

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/22004677.1      1      CASE NO. CV 10 4105 SBA

DEFENDANTS' NOTICE OF MOTION RE: MOTION TO DISMISS

**TABLE OF CONTENTS**

I. INTRODUCTION ............................................................................................................... 1

II. STATEMENT OF FACTS ................................................................................................. 1

    A. Defendants Boston Scientific Corporation and Guidant Sales Corporation ................... 1

    B. Kiland's Employment With Boston Scientific ................................................................ 2

    C. Kiland Agreed to a Minnesota Forum-Selection Clause For Any Disputes Related to the Kiland Agreement. ................................................................................................... 2

    D. Kiland Breached His Agreement and Improperly Filed this Lawsuit in California. ........ 3

    E. The Minnesota Action. .................................................................................................... 3

    F. Plaintiffs' First Amended Complaint Relates to the Kiland Agreement. ........................ 5

    G. Plaintiffs' Counsel Have Refused to Dismiss This Action. ............................................ 6

III. ARGUMENT ..................................................................................................................... 6

    A. This Court Should Grant Boston Scientific's Motion To Dismiss Under Federal Rule Of Civil Procedure 12(b)(3). .................................................................................. 6

        1. Federal Law Governs The Validity Of Forum-Selection Clauses. ......................... 6

        2. Forum-Selection Clauses Are Presumptively Valid Under Federal Law. ............. 6

        3. The Forum-Selection Clause Covers All Claims Alleged In Kiland's First Amended Complaint. ............................................................................................. 8

    B. The Parties Are Already Litigating These Very Issues in the Minnesota Action. .......... 11

IV. CONCLUSION ................................................................................................................ 12

DB2/22004677.1                  i                  CASE NO. CV 10 4105 SBA

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' ACTION;
AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

# TABLE OF AUTHORITIES

**Cases**

*Bremen v. Zapata Off-Shore Co.*,
　407 U.S. 1 (1972) ................................................................................................................ 6, 7

*Carnival Cruise Lines, Inc v. Shute*,
　499 U.S. 585 (1991) ................................................................................................................ 7

*Flake v. Medline Indus. Inc.*,
　882 F.Supp. 947 (E.D. Cal. 1995) ........................................................................................... 6

*Hopkinson v. Lotus Dev. Corp.*,
　1995 WL 381888 (N.D. Cal. 1995) ......................................................................................... 6

*Hsu v. Oz Optical Ltd.*,
　211 F.R.D. 615 (N.D. Cal. 2002) ............................................................................................. 6

*Manetti-Farrow, Inc. v. Gucci Am., Inc.*,
　858 F.2d 509 (9th Cir. 1988) ................................................................................................ 6, 8

*Nextrade, Inc. v. Hyosung, Inc.*,
　122 Fed.Appx.892 (9th Cir. 2005) ........................................................................................... 6

*Poponin v. Virtual Pro, Inc.*,
　2006 WL 2691418 (N.D. Cal. Sept. 20, 2006) ...................................................................... 10

*R.A. Argueta v. Banco Mexicano, S.A.*,
　87 F.3d 320 (9th Cir. 1996) .................................................................................................. 6, 7

*Riggan v. City of St. Paul,
　et. al*, 1995 WL 251131 (9th Cir. 1995) .................................................................................. 6

*Sarmiento v. BMG Entm't*,
　326 F.Supp.2d 1108, (C.D. Cal. 2003) ................................................................................. 6, 7

*Spradlin v. Lear Siegler Mgmt. Services Co., Inc.*,
　926 F.2d 865 (9th Cir. 1991) ................................................................................................... 6

*Storm v. Witt Biomedical Corp.*,
　1996 WL 53624 (N.D. Cal. 1996) ........................................................................................... 6

*Swinden v. Vanguard Group, Inc.*,
　2009 WL 3415376 (N.D. Cal. Oct. 21, 2009) ......................................................................... 9

**Statutes**

Federal Rule Civ. Proc. 12(b)(3) ................................................................................................ 1, 6

Cal. Civ. Code § 1638 ................................................................................................................... 10

Cal. Civ. Code § 1642 ............................................................................................................... 9, 10

Cal. Civ. Code § 1643 ................................................................................................................... 10

Cal. Lab. Code § 970 ................................................................................................................... 5, 8

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/22004677.1　　　　　　　　　　　　　　ii　　　　　　　　　CASE NO. CV 10 4105 SBA
DEFENDANTS' NOTICE OF MOTION; MOTION TO DISMISS PLAINTIFFS' ACTION; AND
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     INTRODUCTION**

Plaintiffs were wrong to file this action here, because their claims arise solely from an employment and compensation contract (the "Kiland Agreement") that expressly requires litigation in Minnesota. This Court should enforce the Kiland Agreement's forum-selection clause. Plaintiffs have tried to avoid this valid clause – and confuse the issues – by repeatedly referencing a separate proprietary information and trade secrets agreement (the "U.S. Employee Agreement") that has nothing to do with their First Amended Complaint. Plaintiffs' attempt to conflate the Kiland Agreement and the U.S. Employee Agreement relating to proprietary information and trade secrets is wrong. These are separate agreements, addressing different subjects. The only subject before this Court is the formation and alleged breach of the Kiland Agreement. Accordingly, Defendants respectfully request that the Court dismiss this action under Federal Rule of Civil Procedure 12(b)(3), as venue in this district is not proper. In the alternative, this Court should grant Defendants' Motion to Stay Plaintiffs' Action, which is already pending before this Court and set for hearing on December 7, 2010.

**II.    STATEMENT OF FACTS**

    **A.     Defendants Boston Scientific Corporation and Guidant Sales Corporation**

Boston Scientific Corporation is a Delaware corporation with its principal place of business in Natick, Massachusetts and manufacturing facilities in Arden Hills and Maple Grove, Minnesota. (*See* Minnesota Complaint, ¶ 1.)[1] Guidant Sales Corporation ("GSC") is a wholly-owned subsidiary of Boston Scientific, and Kiland's former employer. (*Id.* at ¶ 4.) Pursuant to a corporate reorganization that occurred on July 31, 2010, Boston Scientific was assigned, and now possesses, all of GSC's rights under the contract between GSC and Kiland that is at issue in this litigation. (*Id.*) Boston Scientific and its subsidiary GSC shall collectively be referred as "Boston Scientific."

---

[1] The Minnesota Action is captioned *Boston Scientific Corporation v. Blair Kiland and St. Jude Medical, S.C., Inc.*, No. 10-cv-4053. Boston Scientific's Complaint and Exhibits in the Minnesota Action, including the Kiland Agreement, are attached as Exhibit A to Defendants' Request for Judicial Notice submitted in support of Defendants' Motion to Stay Plaintiffs Action ("Motion to Stay RJN"). (The Motion to Stay RJN is ECF Document No. 15).

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/22004677.1                                   1                           CASE NO. CV 10 4105 SBA
DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' ACTION;
AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

### B. Kiland's Employment With Boston Scientific

Kiland is a former medical device salesperson for Boston Scientific. Kiland now lives in North Dakota and works for St. Jude Medical, a Minnesota company. In December 2009, Kiland joined Boston Scientific after negotiating the Kiland Agreement, a lucrative employment agreement which provided him with guaranteed income for three years. (*See* Kiland Agreement § 3.)[2] For the first two years alone of the Kiland Agreement, Kiland was guaranteed commissions of at least $250,000 per year. (*Id.*) In exchange, Kiland promised to work for Boston Scientific for three years, until at least December 31, 2012. (*Id.*) The Kiland Agreement does not permit Kiland to unilaterally terminate his employment, and it requires that Boston Scientific generally must have cause to terminate him. (*Id.* at § 9.)

### C. Kiland Agreed to a Minnesota Forum-Selection Clause For Any Disputes Related to the Kiland Agreement.

Kiland worked for Boston Scientific's "CRV"[3] division, which has its key facilities in the suburbs of Minneapolis and St. Paul, Minnesota. In signing the Kiland Agreement, Kiland consented to the "**exclusive jurisdiction of the state and federal courts of Minnesota**" for the resolution of any disputes regarding the Kiland Agreement. (Kiland Agreement § 18.) (Emphasis added.) Kiland also agreed that he would not commence litigation against Boston Scientific related to the Kiland Agreement in any court outside the State of Minnesota. (*Id*.)

In addition to the Kiland Agreement, at the time of hire, Kiland also signed a standard, company-wide trade secrets and proprietary information agreement called the Boston Scientific Corporation Agreement Concerning Employment for U.S. Employees (the "U.S. Employee Agreement"). Every salesperson in each of Boston Scientific's divisions signs the U.S. Employee Agreement, which relates to the protection of Boston Scientific's trade secrets, intellectual property, and goodwill. The U.S. Employee Agreement governs confidentiality and assignment of inventions, as well as non-compete and employee non-solicit provisions.[4] (*See* Minnesota

---

[2] For the Court's convenience, copies of the Kiland Agreement and the U.S. Employee Agreement are attached as Exhibits A and B to the declaration of Ann Marie Reding.

[3] "CRV" stands for "Cardiology, Rhythm, and Vascular."

[4] Although the U.S. Employee Agreement is a standard nationwide document, it contains "carve-outs" for differences in state laws regarding non-compete agreements. For example, the U.S. Employee Agreement

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/22004677.1               2               CASE NO. CV 10 4105 SBA
DEFENDANTS' NOTICE OF MOTION; MOTION TO DISMISS PLAINTIFFS' ACTION; AND
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

Action, Ex. B to Kiland Decl.) The company-wide U.S. Employee Agreement has a forum-selection clause that provides for litigation in either Massachusetts (Boston Scientific's international headquarters), or the state in which the employee last worked for the company (for Kiland, California) as to any action "**concerning this Agreement**." (*See id.*, ¶ 18. Emphasis added.) The issues that are the subject of Kiland's First Amended Complaint, relate solely to the Kiland Agreement.

The Kiland Agreement sets forth the terms of Kiland's employment arrangement with Boston Scientific; the U.S. Employee Agreement sets forth the proprietary information obligation of an employee. The Kiland Agreement specifically recognizes that Kiland was also required to sign the separate U.S. Employee Agreement. It states:

> As a condition of Employee's being employed by GSC, as well as receiving guaranteed compensation and the protections for a term of employment, Employee and GSC enter into this Agreement and a Boston Scientific Corporation Agreement Concerning Employment for U.S. Employees, the terms of which Employee and GSC acknowledge are reasonable and necessary for the protection of their legitimate interests.

(*See* Kiland Agreement § C.)

### D. Kiland Breached His Agreement and Improperly Filed this Lawsuit in California.

Fewer than seven months after signing the Kiland Agreement, Kiland broke it. He quit Boston Scientific on July 2, 2010 and now works for one of its competitors, St. Jude Medical. To avoid liability for this breach, on September 13, 2010, Kiland and St. Jude filed (but did not serve) this action, even though Kiland no longer lives in California, and neither St. Jude nor Boston Scientific is based in California.

### E. The Minnesota Action.

To protect its rights under the valid forum-selection clause of the Kiland Agreement, on September 24, 2010 Boston Scientific filed an action against Kiland and St. Jude in the United States District Court for the District of Minnesota (the "Minnesota Action"). The Minnesota

---

provides that its non-compete provisions did not apply to Kiland, because he worked in California. (*See* U.S. Employee Agreement, Attachment A.)

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/22004677.1     3     CASE NO. CV 10 4105 SBA
DEFENDANTS' NOTICE OF MOTION; MOTION TO DISMISS PLAINTIFFS' ACTION; AND
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

Action does not seek to stop Kiland from working for St. Jude,[5] but it does seek damages for his breach of the Kiland Agreement. Because the dispute belongs in Minnesota, on September 27, 2010 Boston Scientific filed a motion for a temporary restraining order in the Minnesota Action, asking the court to enjoin Kiland and St. Jude from proceeding with this California action.[6] The District of Minnesota scheduled a hearing, and Kiland and St. Jude filed papers opposing Boston Scientific's motion.[7]

On September 30, 2010 – the day of the hearing on Boston Scientific's motion for a temporary restraining order – Kiland and St. Jude filed a motion to dismiss, stay, or transfer the Minnesota Action.[8] Senior District Judge Doty held the scheduled hearing. He ordered that because Boston Scientific's TRO motion and the Kiland/St. Jude motion to stay, dismiss, or transfer addressed similar issues and because the parties needed time to completely brief both motions, in the interest of judicial efficiency, the hearing would be continued until November 19, 2010, when both motions would be addressed. (*See* Defendants' Motion to Stay RJN, Exhibit E.) Kiland and St. Jude did not even bother to serve their complaint in this case until October 1, 2010 – **after** all of these events have happened.[9] This is further evidence that the California action was little more than forum shopping, and an attempt to gain litigation advantage by preempting litigation in the proper forum: Minnesota. Since then, Plaintiffs have moved the Minnesota Court to postpone the November 19, 2010 hearing until sometime in January 2011. (*See* Defendants'

---

[5] At the September 30, 2010 hearing on Boston Scientific's TRO motion and the Kiland/St. Jude motion to stay, dismiss, or transfer, counsel for Boston Scientific made clear that it is not seeking to enjoin Kiland from working for St. Jude. See Hearing Transcript, attached as Exhibit A to the Declaration of Todd M. Malynn in Support of Plaintiffs' Motion for Preliminary Injunction (ECF Document No. 22-1) at 25 (stating "*we are not seeking in this motion nor in this case to stop Mr. Kiland from working for St. Jude in North Dakota or anywhere.*")

[6] Boston Scientific's Motion for Temporary Restraining Order and supporting papers in the Minnesota Action are attached as Exhibit B to Defendants' Motion to Stay RJN.

[7] Kiland's and St. Jude's papers opposing Boston Scientific's Motion for Temporary Restraining Order in the Minnesota Action, including the Declaration Blair Kiland, are attached as Exhibit C to Defendants' Motion to Stay RJN.

[8] Kiland's and St. Jude's Motion to Dismiss, Stay, or Transfer Proceedings and supporting papers in the Minnesota Action are attached as Exhibit D to Defendants' Motion to Stay RJN.

[9] Kiland and St. Jude filed their California Complaint on September 13, 2010. On September 29, 2010 – after Boston Scientific filed the Minnesota Action and sought a TRO – Kiland and St. Jude filed (but again did not serve) a First Amended Complaint.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/22004677.1                                   4                            CASE NO. CV 10 4105 SBA
DEFENDANTS' NOTICE OF MOTION; MOTION TO DISMISS PLAINTIFFS' ACTION; AND
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

1  Request for Judicial Notice in Support of Defendants' Motion to Dismiss ("Defendants' Motion
2  to Dismiss RJN"), ¶ 1; Ex. A.) Boston Scientific will oppose this motion, but regardless, Judge
3  Doty will hear St. Jude's and Kiland's motion to dismiss, stay, or transfer that case, as well as
4  Boston Scientific's motion for injunctive relief. (*See* Defendants' Motion to Stay RJN, Exhibit
5  E.) In addition, the Minnesota District Court has set this case for a pre-trial conference on
6  December 20, 2010. (Defendants' Motion to Dismiss RJN, ¶ 2; Ex. B.) There is no reason for
7  this Court to duplicate the proceedings that have already occurred – and that are scheduled to
8  occur – in the proper Minnesota forum.

### F. Plaintiffs' First Amended Complaint Relates to the Kiland Agreement.

All of Plaintiffs' claims alleged in their First Amended Complaint relate exclusively to the Kiland Agreement and seek relief that relates to the termination of that agreement. In their First Amended Complaint, filed on September 29, 2010, Plaintiffs allege five claims against Boston Scientific and Guidant Sales Corporation. Kiland's first claim for violation of California Labor Code section 970 alleges that Boston Scientific fraudulently induced Kiland to leave North Dakota and move to California to become a sales representative for Boston Scientific. (FAC at ¶¶ 90-96.) In his second claim, Kiland alleges that Boston Scientific made fraudulent misrepresentations and materially misled him to sign the Kiland Agreement. (*Id.* at ¶¶ 97-103.) In his third claim, Kiland alleges breach of the Kiland Agreement against Boston Scientific. (*Id.* at ¶¶ 104-110.) Plaintiffs' fourth claim alleges Boston Scientific's alleged conduct constitutes unfair competition, including unlawful, unfair and/or fraudulent acts or practices within the meaning of California Business and Professions Code section 17200. (*Id.* at ¶¶ 111-115.) Kiland claims that he relied on false pretenses, and was fraudulently induced to entering into the Kiland Agreement with Defendants. Plaintiffs' fifth claim seeks declaratory judgment that Boston Scientific engaged in unlawful practices and that Kiland did not breach the Kiland Agreement. (*Id.* at ¶¶116-120.)[10]

---

[10] Plaintiffs also appear to seek declaratory judgment that Boston Scientific must refrain from any post-employment restraints on competition. No such post-employment restraints exist. *See* U.S. Employment Agreement, Attachment A (stating that post-employment restrictions in Section 8 of the U.S. Employee Agreement do not relate to California employees).

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/22004677.1     5     CASE NO. CV 10 4105 SBA
DEFENDANTS' NOTICE OF MOTION; MOTION TO DISMISS PLAINTIFFS' ACTION; AND
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

G. **Plaintiffs' Counsel Have Refused to Dismiss This Action.**

On October 21, 2010, defense counsel contacted Plaintiffs' counsel and requested that Plaintiffs agree to dismiss this litigation or, in the alternative, transfer it to Minnesota. Plaintiffs refused to transfer or dismiss this action. (*See* Declaration of Ann Marie Reding, ¶¶ 2-3.)

III. **ARGUMENT**

A. **This Court Should Grant Boston Scientific's Motion To Dismiss Under Federal Rule Of Civil Procedure 12(b)(3).**

1. **Federal Law Governs The Validity Of Forum-Selection Clauses.**

In a diversity-jurisdiction case such as this, federal law governs the validity of a forum-selection clause. *Manetti-Farrow, Inc. v. Gucci Am., Inc.*, 858 F.2d 509, 513 (9th Cir. 1988); *Hsu v. Oz Optical Ltd.*, 211 F.R.D. 615, 618 (N.D. Cal. 2002) (stating that "in diversity cases, federal law governs the analysis of the effect and scope of forum-selection clauses.") (citations omitted). Under Ninth Circuit authority, Boston Scientific may raise the forum-selection clause in connection with a Rule 12(b)(3) motion. *R.A. Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320, 324 (9th Cir. 1996).

2. **Forum-Selection Clauses Are Presumptively Valid Under Federal Law.**

Federal law presumes the validity of forum-selection clauses. *Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972); *Manetti-Farrow,* 858 F.2d at 512 (citations omitted). This presumption extends to forum-selection clauses in employment agreements. *Spradlin v. Lear Siegler Mgmt. Services Co., Inc.*, 926 F.2d 865 (9th Cir. 1991).[11] In light of this presumption, a

---

[11] The Ninth Circuit and California District Courts routinely enforce forum-selection clauses in employment agreements. *E.g., Nextrade, Inc. v. Hyosung, Inc.*, 122 Fed.Appx.892, 893 (9th Cir. 2005) (holding that a forum-selection clause in the parties' distributorship agreement was valid, and applied to the plaintiff's wrongful termination claim); *Riggan v. City of St. Paul, et. al*, 1995 WL 251131, *1 (9th Cir. 1995) (affirming dismissal based on a lack of venue because of a valid and enforceable forum selection clause contained in plaintiff's employment agreement that specified venue in Alaska); *Sarmiento v. BMG Entm't*, 326 F.Supp.2d 1108, 1111-13 (C.D. Cal. 2003) (enforcing a New York forum-selection clause in an employment agreement); *Flake v. Medline Indus. Inc.*, 882 F.Supp. 947, 949 (E.D. Cal. 1995) (granting employer's motion to dismiss for improper venue in an age discrimination action because of a valid forum-selection clause; *Storm v. Witt Biomedical Corp.*, 1996 WL 53624, *3-4 (N.D. Cal. 1996) (holding that the forum-selection clause in employee's employment agreement with employer would be enforceable in employee's suit for unpaid commissions, breach of contract, and wrongful discharge); *Hopkinson v. Lotus Dev. Corp.*, 1995 WL 381888, *3-5 (N.D. Cal. 1995) (granting employer's motion to

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/22004677.1     6     CASE NO. CV 10 4105 SBA
DEFENDANTS' NOTICE OF MOTION; MOTION TO DISMISS PLAINTIFFS' ACTION; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

1    forum-selection clause should be enforced unless enforcement is shown by the resisting party to

2    be unreasonable under the circumstances. *Bremen*, 407 U.S. at 15. The Supreme Court construes

3    this exception narrowly. *Id.* A forum-selection clause is unreasonable if (1) its incorporation into

4    the contract was the result of fraud, undue influence, or overweening bargaining power; (2) the

5    selected forum is so gravely difficult and inconvenient that the complaining party will for all

6    practical purposes be deprived of its day in court; or (3) enforcement of the clause would

7    contravene a strong public policy of the forum in which the suit is brought. *Argueta*, 87 F.3d at

8    325; *Bremen*, 407 U.S. at 12-18. Plaintiffs cannot establish any of these narrow exceptions.

9         First, it is well settled that the opportunity to read (before accepting) a contract containing

10    a forum-selection clause provides sufficient notice to the plaintiff. *See, Sarmiento,* 326 F.Supp.2d

11    at 1110 (enforcing a New York forum-selection clause in an employment contract); *see also,*

12    *Carnival Cruise Lines, Inc v. Shute,* 499 U.S. 585, 595 (1991) (enforcing a forum-selection clause

13    found in a standardized, pre-printed contract for a cruise). Kiland certainly had the opportunity to

14    review the Kiland Agreement before agreeing to be bound by it. Further, the Kiland Agreement

15    does not hide the forum-selection clause. Rather, the clause appears in regular-size font in

16    Section 18 of the Agreement. (Kiland Agreement § 18.) The Agreement emphasizes that

17    employees should read and understand the terms contained therein, and encourages employees to

18    consult with an attorney prior to executing the agreement. (Kiland Agreement § 21.) In short,

19    there is no evidence of fraud or deception regarding the forum-selection clause in the sales

20    compensation plans.

21         Second, Plaintiffs cannot establish that enforcement of the forum-selection clause will

22    deprive them of their day in court. In fact, these issues are already being litigated in the

23    Minnesota Action. Moreover, this case should proceed in Minnesota because Minnesota is where

24    Boston Scientific's "CRV" division has its key facilities. Furthermore, according to Plaintiffs'

25    First Amended Complaint, St. Jude is a company organized and existing under the laws of the

---

dismiss for improper venue based on a forum selection clause contained in both plaintiffs' employment agreements, a clause which the court ruled was not ambiguous, was not fraudulent, did not contravene public policy, and was not unjust or unreasonable).

DEFENDANTS' NOTICE OF MOTION; MOTION TO DISMISS PLAINTIFFS' ACTION; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1  State of Minnesota and Kiland resides in North Dakota, a neighboring state to Minnesota. (First
2  Amended Complaint, ¶¶ 9, 10.) St. Jude's California lawyers are more than capable of litigating
3  these claims in the Minnesota court, and in fact have already appeared and been admitted *pro hac*
4  *vice* in the Minnesota Action. Enforcement of the forum-selection clause will not deprive
5  Plaintiffs of their day in court.

### 3. The Forum-Selection Clause Covers All Claims Alleged In Kiland's First Amended Complaint.

Forum-selection clauses encompass contract and related causes of action. *Manetti-Farrow,* 858 F.2d at 514. In *Manetti-Farrow*, the Ninth Circuit held that the plaintiff's tort and contract claims all related to the rights and duties enumerated in the exclusive dealership agreement, and enforced the forum-selection clause as to all claims. Here, as in *Manetti-Farrow*, Kiland alleges related contract and tort claims. Kiland's first claim for violation of California Labor Code section 970 alleges that Boston Scientific fraudulently induced Kiland to leave North Dakota and move to California to become a sales representative for Boston Scientific. (FAC at ¶¶ 90-96.) In his second claim, Kiland alleges that Boston Scientific made fraudulent misrepresentations and materially misled him to sign the Kiland Agreement. (*Id.* at ¶¶ 97-103.) In his third claim, Kiland alleges breach of the Kiland Agreement against Boston Scientific. (*Id.* at ¶¶ 104-110.) Plaintiffs' fourth claim alleges Boston Scientific's alleged conduct constitutes unfair competition, including unlawful, unfair and/or fraudulent acts or practices within the meaning of California Business and Professions Code section 17200. (*Id.* at ¶¶ 111-115.) Plaintiffs' fifth claim seeks declaratory judgment that Boston Scientific engaged in unlawful practices and that Kiland did not breach and is not in breach of any contractual obligations to Boston Scientific. (*Id.* at ¶¶116-120.) Because Plaintiffs' claims all relate to the same "'central conflict over the interpretation of the contract,'" they all fall within the scope of the forum-selection clause. *Manetti-Farrow,* 858 F.2d at 514.

In litigating this issue in Minnesota, Kiland and St. Jude have not argued that the forum-selection clause is unreasonable, nor find any fault with it. Rather, they try to confuse matters by claiming that there is not one forum-selection clause between the parties, but three. They do this

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/22004677.1     8     CASE NO. CV 10 4105 SBA
DEFENDANTS' NOTICE OF MOTION; MOTION TO DISMISS PLAINTIFFS' ACTION; AND
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

by conflating the Kiland Agreement with the separate – and irrelevant – U.S. Employee Agreement. The U.S. Employee Agreement is not at issue between the parties, and no party claims that Kiland (or anyone else) has breached that contract. This is a transparent attempt to justify Kiland's and St. Jude's forum-shopping, and it should not dissuade the Court from dismissing this action.

In another motion already filed with this Court (Plaintiffs' Motion for Preliminary Injunction), Plaintiffs incorrectly argue that a California statute requires the Kiland Agreement and the U.S. Employee Agreement to be blended into a single new contract, with conflicting forum-selection clauses. (Mot. Prelim. Inj. at 14:21-15:18.) Plaintiffs misapply that statute, Cal. Civ. Code § 1642, and ignore precedent in this District that rejects their approach. Under § 1642, "separately executed instruments may be considered and construed as one contract 'only when upon their face they deal with the same subject-matter and are by reference to one another so connected that they may be fairly said to be interdependent.'" *Swinden v. Vanguard Group, Inc.*, No. C 09-03816, 2009 WL 3415376, *4 (N.D. Cal. Oct. 21, 2009) (citation omitted) (emphasis added).

This is not happening here. First, the Kiland Agreement and the U.S. Employee Agreement address different subjects. The Kiland Agreement is a term-of-years employment contract crafted just for Kiland, and governs his compensation, territory, and for-cause termination. The U.S. Employee Agreement is uniform nationwide, and governs confidentiality, intellectual property, and competition. Each contract has its own forum-selection clause.

Second, the contracts are not "so connected that they may be fairly said to be interdependent." On the contrary, the U.S. Employee Agreement does not even acknowledge the Kiland Agreement.[12] The Kiland Agreement makes only a few references to the U.S. Employee Agreement, and these plainly distinguish the two contracts. For example, the term-of-years Kiland Agreement states that it "specifically supercede[s] the provisions regarding termination of employment at-will" contained in the U.S. Employee Agreement. (Kiland Agreement §19.) The

---

[12] Many Boston Scientific employees sign only the U.S. Employee Agreement, and do not have a term-of-years contract like the Kiland. This is more evidence that the contracts are not "interdependent."

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/22004677.1                                    9                              CASE NO. CV 10 4105 SBA
DEFENDANTS' NOTICE OF MOTION; MOTION TO DISMISS PLAINTIFFS' ACTION; AND
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

parties thus intended to resolve a conflict between two separate contracts. The Kiland Agreement also provides that it "<u>and</u> the [U.S. Employee Agreement]…constitute the entire agreement between the parties…" (*Id.* § 16) (emphasis added). This clarifies that no other agreements between the parties exist other than the two separately-identified contracts. Plaintiffs have no basis to argue that this language merges two separate, non-conflicting contracts into a single contract with conflicting provisions. The contracts are <u>independent</u>, not "interdependent."

This District has previously rejected Plaintiffs' method of applying § 1642. *See Poponin v. Virtual Pro, Inc.*, No. C-06-4019, 2006 WL 2691418 (N.D. Cal. Sept. 20, 2006). *Poponin* involved strikingly similar facts: two contracts between the same parties, with two different forum-selection clauses (one choosing arbitration, the other choosing court). *Id.* at *1. There, the plaintiff tried to avoid arbitration by claiming that § 1642 merged the contracts into one "unitary contract." *Id.* at *6. The plaintiff claimed, as Plaintiffs do here, that "the presence of two different dispute resolution provisions in this 'unitary contract' create[d] an inherent conflict giving rise to an irreconcilable ambiguity as to whether the parties agreed to arbitrate." *Id*. The Court rejected this argument, finding that the two contracts were separate, and noting that they did not incorporate each other by reference. *Id*. at *8. The Court further held that even if § 1642 merged the two contracts into a "unitary contract," particular provisions of that single contract could still be subject to different forum-selection clauses. Thus, some provisions would be litigated in arbitration and others in court. *Id.*

The same reasoning applies here. The contracts' language shows that they are separate, and neither incorporates the other.[13] Indeed, the Kiland Agreement expressly resolves conflicts with the U.S. Employee Agreement. Neither § 1642 nor boilerplate contractual language merges these separate, clear contracts into a single, ambiguous one. This result makes sense in light of the agreements themselves, and California law dictates that this Court read contracts to avoid ambiguity, not create it. *See, e.g.,* Cal. Civ. Code §§ 1638, 1643.

The only relevant forum-selection clause chooses Minnesota. Plaintiffs were wrong to file

---

[13] As noted in Boston Scientific's Motion to Stay, Kiland's offer letter also showed that the Kiland Agreement and the U.S. Employee Agreement were separate contracts. (Mot. Stay at 7:6-12.)

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/22004677.1     10     CASE NO. CV 10 4105 SBA
DEFENDANTS' NOTICE OF MOTION; MOTION TO DISMISS PLAINTIFFS' ACTION; AND
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

this action in California, and it should be dismissed.

### B. The Parties Are Already Litigating These Very Issues in the Minnesota Action.

Notably, litigation on these very claims is already underway in the Minnesota Action. Motions on these same issues are set for hearing on November 19, 2010 in Minnesota and the Minnesota Court has set the case for a pre-trial conference on December 20, 2010. Plaintiffs have attempted to postpone proceedings in that action, but the fact remains that Judge Doty has stated his intention to hear St. Jude's and Kiland's motion to dismiss, stay, or transfer that case, as well as Boston Scientific's motion for injunctive relief. Dismissal of this case to Minnesota would serve the same goal of avoiding wasteful, duplicative litigation.

Kiland and St. Jude will likely argue that this action should take precedence because it was filed before the Minnesota Action. However, courts in the Ninth Circuit and around the country have held that this first filed "rule," which is actually a discretionary principle of comity, falls before a proper forum-selection clause.[14] As these courts recognize, forum-selection clauses would be rendered meaningless if one party could simply file suit in an improper forum, and then argue that the first-to-file rule prevented a second lawsuit in the proper, contractually-chosen forum. *See, e.g., E. and J. Gallo Winery v. Andina Licores S.A.*, 446 F.3d 984, 994-96 (9th Cir. 2006) (enjoining a foreign, first-filed suit in favor of the forum mandated by contract because the first suit was instituted to "evade the enforcement of an otherwise valid forum-selection clause"); *Certified Restoration Dry Cleaning v. Tenke*, 511 F.3d 535, 552 (6th Cir. 2007) ("By filing in Ohio courts, Defendants were attempting to forum shop as well as preempt resolution of the parties' dispute by the proper forum. Thus, the Ohio action was not entitled to any deference

---

[14] Notably, a court should refuse to mechanically apply the first-to-file rule if the balance of convenience and fairness weighs in favor of the later-filed action. *See e.g., Alltrade Inc. v. Uniweld Products, Inc.*, 946 F.2d 622, 627-628 (9th Cir. 1991) (stating "wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation, does not counsel rigid mechanical solution of such problems."); *Ward v. Follett Corp.*, 158 F.R.D. 645, 648 (N.D. Cal. 1994); *Z-Line Designs, Inc. v. Bell'O International LLC*, 218 F.R.D. 663, 665 (N.D. Cal. 2003) (granting dismissal of earlier filed case in favor of second filed case since doing otherwise "would discourage pre-litigation settlement discussions. At a minimum, such a denial would encourage parties…to file a complaint prior to attempting settlement."); *Gribin v. Hammer Galleries*, 793 F.Supp. 233, 235 (C.D. Cal. 1992) (commenting that the concern is "not which action was commenced first, but which will most fully serve the needs and convenience of the parties and provide a comprehensive solution of the general conflict").

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/22004677.1                              11                       CASE NO. CV 10 4105 SBA
DEFENDANTS' NOTICE OF MOTION; MOTION TO DISMISS PLAINTIFFS' ACTION; AND
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

under the first-to-file rule."); *Megadance USA Corp. v. Kristine Knipp*, 623 F.Supp.2d 146, 149 (D. Mass. 2009) ("It is improper for a party to invoke the first filed doctrine in the face of a clearly articulated forum selection clause in a contract."); *TDY Industries, Inc. v. Hamilton Sundstrand Corp.*, Civil No. 07-388, 2007 WL 1740855, *5 (W.D. Pa. June 14, 2007) (holding that plaintiff in first-filed lawsuit was bound by the forum-selection provision requiring litigation to occur in second-filed forum).

Plaintiffs' "first-filed" argument does not apply here. This action should be dismissed in favor of the proper Minnesota Action.

## IV. CONCLUSION

Based on the foregoing, Defendants respectfully request that this Court should grant their Motion to Dismiss Plaintiffs' Action in its entirety.

Dated: October 22, 2010                    MORGAN, LEWIS & BOCKIUS LLP

By   /s/ Ann Marie Reding
Cecily A. Waterman
Ann Marie Reding
Attorneys for Defendant
BOSTON SCIENTIFIC CORPORATION
and GUIDANT SALES CORPORATION

DB2/22004677.1                    12                    CASE NO. CV 10 4105 SBA
DEFENDANTS' NOTICE OF MOTION; MOTION TO DISMISS PLAINTIFFS' ACTION; AND
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF